UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DIANE BLAKEMORE,

Plaintiff,

vs

OCWEN LOAN SERVICING, LLC, and
EQUIFAX INFORMATION SERVICES, LLC,

Defendants.
_____/

ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorneys for Plaintiff
17200 W 10 Mile Rd Ste. 200
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com
_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

3. This action is also brought under common law, and this court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. §1367.

VENUE

4.    The transactions and occurrences which give rise to this action occurred in Kent County, Michigan.

5.    Venue is proper in the Western District of Michigan.

PARTIES

6.    The Defendants to this lawsuit are:

a.    Diane Blakemore ("Plaintiff or "Ms. Blakemore"), is a resident of Grand Rapids, Michigan and is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§

b.    Defendant Ocwen Loan Servicing, LLC, ("Ocwen") is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s 2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

General Allegations

7.    In March of 2005 Plaintiff (formerly known as Diane Ondersma) filed for Chapter 7 bankruptcy (case #05-04069).

8.    One of the debts discharged (in July of 2005), in connection with the above referenced bankruptcy was a mortgage on Plaintiff's home located at 2855 Vineland St. SE, Grand Rapids, Michigan 49508.  Litton Loan Servicing serviced this mortgage.

9.    Litton Loan Servicing was included in the Matrix if Discharged debtors in the above referenced bankruptcy filing.  This mortgage account is discharged and is non-collectable, and has been since 2005.

10. At some point, the exact date which is unknown by Plaintiff, Defendant Ocwen obtained servicing rights to the above referenced, discharged Litton mortgage account.

11. For several years after the discharge, Ocwen attempted to collect the Litton mortgage debt, which was discharged and uncollectable. For several years, and presently, Ocwen has continued to incorrectly and inaccurately report the servicing account on Plaintiff's credit report as detailed below.

12. In June of 2012 Plaintiff attempted to get a mortgage with her soon-to-be husband John. At this point Plaintiff learned that Ocwen was reporting this account as an active debt, so that it appeared and appears that Plaintiff had a recent foreclosure instead of a bankruptcy in 2005.

13. As a result, Plaintiff's credit was damaged so that she was unable to be a co-owner on the planned mortgage loan at all, which caused the necessity of an inferior and more expensive mortgage product.

14. In a letter dated June 6, 2012, Ocwen, as well as all three major credit bureaus were notified in detail by certified mail, that the Litton servicing account was discharged and that Ocwen was reporting the debt incorrectly. (**Exhibit A**).

15. Subsequently, the Ocwen trade line was either removed or corrected on Plaintiff's Experian consumer report. It remained, inaccurately, on Equifax and Transunion.

16. In November of 2014, Plaintiff contacted her mortgage professional to attempt to refinance her husband's home to a save money and get a conventional 20-year mortgage. At this time Plaintiff learned that Ocwen was still reporting to

Equifax and Transunion, information regarding the above referenced discharged account, that makes it look as if their were a recent foreclosure on the property at 2855 Vineland St SE, Grand Rapids, Michigan 49508.  More specifically, the date of last activity is 11/2011, which is inaccurate and damages Plaintiff's credit.  Moreover, the Ocwen trade line should never have been opened, was not foreclosed, and was not specifically discharged in bankruptcy.

17. On more than one occasion, including in a certified letter dated November 25, 2014, Plaintiff disputed this specific Ocwen account and included adequate description and explanation as to why the account was reported in error, with Equifax, and Transunion.

18. Defendant Ocwen received the disputes from the credit bureaus and then wrongly verified the inaccurate information with Equifax.

19. As a result of the negative and inaccurate credit reporting, Plaintiff's credit score was adversely affected and Plaintiff was denied credit.

20. As a result of the negative and inaccurate credit reporting, Plaintiff's was denied credit, including the denial of a mortgage in 2012 and currently, so that she was severely damaged by Defendants' wrongful and illegal actions.

21. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

22. Ocwen failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

23. Ocwen failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

24. The false information was and continues to be furnished by Ocwen.

25. Ocwen failed to reasonably reinvestigate under 15 U.S.C. § 1681s 2(b) and this failure was willful, and wrongly verified the inaccurate information.

26. As a result of Ocwen's willful failure to abide by 15 U.S.C. § 1681s 2(b), Plaintiff has suffered and continues to suffer substantial monetary damages and inability to procure credit at a favorable rate, and/or denial of credit.

27. Plaintiff seeks equitable damages, including correction or deletion of the subject trade line from Plaintiff's credit reports, along with money damages, both actual and statutory, in whatever amount the jury finds Defendants liable plus attorney fees, litigation costs and court costs, and the claims are otherwise within the jurisdiction of this Court.

28. Defendant Equifax violated the law as detailed below.

## COUNT I – FAIR CREDIT REPORTING ACT – OCWEN

29. Plaintiff incorporates the preceding allegations by reference.

30. Ocwen was required under 15 U.S.C. § 1681s 2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade line and providing accurate information to the credit reporting agencies regarding that trade line.

31. In the event that Ocwen was unable to verify the information, which it had reported, they were required to advise the credit reporting agency of this fact.

32. Following the reinvestigation, Ocwen reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

33. Following the reinvestigation, Ocwen reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

34. Following the reinvestigation and dispatch of notice directly to Ocwen, reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

35. Ocwen willfully refused to properly to put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s 2(b) and 1681n.

36. In the alternative, Ocwen negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s 2(b) and 168o.

37. Ocwen willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s 2(b) and 1681n.

38. In the alternative, Ocwen negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting dispute in violation of 15 U.S.C. §§ 1681s 2(b) and 168io.

39. Plaintiff has suffered damages as a result of these violations of the FCRA, in an amount to be determined by the Court.

**COUNT II**

## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

40. Plaintiff incorporates the preceding allegations by reference.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

42. Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

43. Equifax willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

44. In the alternative, Equifax negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

45. After receiving the Plaintiff's consumer dispute to the Ocwen trade line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. In the alternative, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages,

including denial of credit, reduced opportunity for credit, increased costs, interest and fees for credit, along with emotional distress, humiliation and embarrassment.

48. Equifax is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the jury together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT III – DEFAMATION

49. Plaintiff incorporates the preceding allegations by reference.

50. Defendants caused to be published one or more written false statements which were intended to impeach Plaintiff's honesty, integrity, credit worthiness and/or reputation.

51. The defamatory statements were, including, but not limited to, the following:

a) That Plaintiff had a recent foreclosure, which is untrue.

b) That the Ocwen account is not discharged in bankruptcy, which is untrue;

c) That the date of last activity is 11/2011, which is inaccurate and damages Plaintiff's credit.

d) That the Ocwen account was foreclosed, which is untrue.

e) That the Ocwen account was discharged in bankruptcy, which is untrue.

52. Plaintiff is not a public figure.

53. The statements imputed by Defendants to the public through the three major credit reporting agencies represents a slur on Plaintiff's character by

Defendants, including her honesty, integrity, virtue, or reputation, and credit worthiness.

54.     The defamatory statements resulted in damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for injunctive relief and damages in an amount deemed at time of trial to be just, fair, and appropriate.

**DEMAND FOR JUDGMENT AND RELIEF**

Accordingly, Plaintiff requests:

a. Statutory and actual damages in an amount to be determined by the Court.

b. Deletion or correction of any and all accounts being wrongfully reported to any credit bureau by any Defendants.

c. statutory costs and attorney fees.

d. Injunctive relief, including, but not limited to, deletion of the account.

e. Compensatory and/or punitive damages.

f.  Any other relief, which this Court deems, appropriate.

g.  Trial by Jury.

Respectfully submitted,

By: **/s/ ADAM S. ALEXANDER**
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Suite 200
Southfield, MI  48075
(248) 246 6353
adalesq@gmail.com

January 20, 2015